(91 Misc. Rep. 618)

TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. NOS. 200 AND 202 MANHATTAN AVE., BOROUGH OF MANHATTAN, CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   July, 1914.)

DISORDERLY HOUSE ⊜⊐10—ACTION FOR PENALTY—COMPLAINT—SUFFICIENCY.

Where the complaint in an action to recover a penalty under Tenement House Law (Consol. Laws, c. 61) § 151, alleged that on or about certain dates the defendant tenement house was used as a house of prostitution, in that "ill-disposed persons and common prostitutes assembled therein" and practiced prostitution with permission of the owner of said house and its agent, it was not demurrable, though it also contained immaterial allegations purporting to bring the case within section 153, stating as a rule of evidence that in certain contingencies the acts of prostitution shall be deemed to have been committed with consent of the owner of the premises.

[Ed. Note.—For other cases, see Disorderly House, Cent. Dig. § 35; Dec. Dig. ⊜⊐10.]

Action by the Tenement House Department of the City of New York against Nos. 200 and 202 Manhattan Avenue, Borough of Manhattan, City of New York, to recover a penalty under Tenement House Law, § 151, wherein defendant moved for judgment on the pleadings. Motion denied.   Order affirmed, 165 App. Div. 978, 150 N. Y. Supp. 1114.

See, also, 153 N. Y. Supp. 769.

Frank L. Polk, Corp. Counsel, of New York City (John P. O'Brien and F. E. V. Dunn, both of New York City, of counsel), for plaintiff.

Powers & Kaplan, of New York City, for defendant.

PAGE, J.   This is an action in rem brought by the plaintiff, a department of the city of New York, to recover a penalty pursuant to section 151 of the Tenement House Law and charge it as a lien upon the premises named as defendant.   Section 151 aforesaid provides:

"A tenement house shall be subject to a penalty of one thousand dollars, if it or any part of it shall be used for the purpose of a house of prostitution or assignation of any description, with the permission of the owner thereof, or his agent, and said penalty shall be a lien upon the house and the lot upon which the house is situated."

The complaint, after setting forth the jurisdictional facts showing that the defendant tenement house is in fact a tenement house and subject to the Tenement House Law, states that on or about certain dates mentioned the defendant tenement house was used as a house of prostitution in that:

"Ill-disposed persons and common prostitutes assembled therein at the time aforesaid and did there receive and entertain, and did there commit and perpetrate the practice of prostitution, etc. * * * with the permission of the owner of said house and its agent. * * *"

The complaint then proceeds to state further facts which purport to bring the case within the provisions of section 153 of the Tenement

House Law, which provides that in certain contingencies the said acts of prostitution shall be deemed to have been committed with the permission of the owner of the premises. The defendant moves for judgment on the pleadings dismissing the complaint upon the ground that subdivisions 1 and 2 of section 153 of the Tenement House Law (as amended by Laws 1913, c. 598) are unconstitutional.

This motion must be considered as if a demurrer had been interposed to the complaint. It is clear that the complaint, eliminating the statements which purport to bring the case within section 153, supra, states all the facts necessary to constitute a cause of action under section 151. The allegations purporting to bring the case within section 153 are immaterial to the cause of action, as that section merely states a rule of evidence whereby the consent of the owner may be proved and will be ruled upon by the justice at the trial. I do not agree with the construction that would give to this section the effect of a conclusive presumption.

Motion denied, with costs.